UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DWAYNE JONES,

                            Plaintiff,

    -against-                                    **COMPLAINT**

CITY OF NEW YORK, OMAYEMI
GATLING, and JOHN DOE,
                                          **PLAINTIFF DEMANDS**
                        Defendants.          **A TRIAL BY JURY**
------------------------------------------------------------X

       Plaintiff Dwayne Jones, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

                            PARTIES, VENUE and JURISDICTION

       1.      At all times hereinafter mentioned, plaintiff was an adult male and a resident of the State of New York.

       2.      At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.      At all relevant times hereinafter mentioned, defendant Omayemi Gatling, (Shield 9165), was employed by the City of New York as a member of the NYPD. Defendant Gatling is sued herein in his individual capacity.

       4.      At all relevant times hereinafter mentioned, defendant John Doe was

an employee of the City of New York who worked as a member of the NYPD whose identity is unknown to plaintiff at this time. The Doe defendant is are sued herein in his individual capacity.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

## RELEVANT FACTS

7. On October 18, 2012, at about 12:00 p.m., plaintiff was lawfully present at or near a parking lot near at or near the intersection of Ralph Avenue and Farragut Road in Brooklyn, New York.

8. Plaintiff was asked by an acquaintance who worked at a business at this location to move the acquaintance's vehicle after police officers had directed the acquaintance to move the vehicle.

9. Plaintiff advised the defendant that the vehicle was not his when he approached the vehicle and they had a discussion concerning where plaintiff would move the acquaintance's vehicle.

10. Notwithstanding plaintiff's conversation with defendant prior to his attempted entry into the vehicle, as plaintiff began to open the vehicle door, he was seized,

handcuffed, and arrested by defendant Gatling.

11. Plaintiff was returned to the precinct and was then transported to Kings County Central Booking, where he was held for an additional period of time.

12. While plaintiff was were imprisoned by the defendants, defendant Gatling drafted arrest paperwork in which he expressly claimed that he (i) observed plaintiff inside a vehicle; (ii) observed plaintiff selling marijuana to another individual; (iii) smelled a strong odor of marijuana; (iv) recovered more than two ounces of marijuana from the rear seat and cup holder inside the above vehicle; and (v) recovered ecstasy, a/k/a MDMA, from inside the vehicle.

13. All of these allegations were false and Gatling knew them to be false at the time they were made. Plaintiff was not and had not been inside the vehicle, and all of defendants' claims concerning plaintiff's presence in the vehicle, his selling of drugs, and his ownership or possession of the drugs allegedly in the vehicle, were false, there was no reasonable basis for defendants to believe them to be true, and thus defendants knew them to be false at the time they were made.

14. Put most simply, plaintiff did not engage in disorderly conduct or any other unlawful or criminal conduct before the defendants arrested him, nor did he engage in any conduct that defendants could reasonably have believed was unlawful or criminal. The statements made by Gatling in his arrest paperwork and in his communications with and to the KCDA that suggested suggest that plaintiff was engaged in criminal or unlawful conduct were materially false and misleading.

15. Gatling forwarded these false allegations to the Kings County District Attorney ("KCDA") in order to justify the arrest and to persuade the KCDA to commence the plaintiff's criminal prosecution.

16. Gatling knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his claims and statements, and assuming that all of these factual statements and claims Gatling was relaying were truthful in all material respects.

17. Gatling further knew and understood that he was obligated to provide any and all exculpatory information to the KCDA and that he was expected to turn over to or otherwise provide the KCDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

18. As a direct result of these allegations by Gatling, the plaintiff was criminally charged by the KCDA under docket 2012KN087216 with various felony and misdemeanor narcotics and marijuana charges.

19. Plaintiff was eventually arraigned, at which time the court set bail at an amount that plaintiff could not immediately post, which resulted in plaintiff's continued incarceration for a period of several additional days.

20. The narcotics charges were dismissed at some point during the proceeding after the NYPD lab determined that the alleged ecstasy was nothing more than hard candy.

21. Plaintiff was criminally prosecuted by the KCDA for more than two

years until June 2014, at which time he acceded to an ACD. The case was formally terminated on December 10, 2014.

23. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

23. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

24. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

25. The individual defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

26. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

29. Defendants willfully and intentionally fabricated evidence by falsely claiming that he engaged in the sale and possession of marijuana and narcotics when they knew this to be untrue, and then forwarded these materially false factual claims to the KCDA in order to justify their arrest of plaintiff, and to justify, bring about and cause the deprivation of plaintiff's liberty and his criminal prosecution by the KCDA.

30. To the extent that either individual defendant did not personally forward such false and fabricated evidence to the KCDA, that officer knew and understood that at least one other officer was fabricating evidence or withholding material facts from the KCDA, and failed to intervene in this misconduct.

31. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to the denial of a fair trial and violation of his right to due process through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

32. By reason thereof, the individual defendants have violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

### THIRD CAUSE OF ACTION

33. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

34. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

35. Defendants had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, abuse of arrest powers, fabrication of evidence, the use of excessive force, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

36. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted,

condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, the manufacturing of evidence, and the use of excessive force, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

37. The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers.

38. The failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police and correction officers and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

39. The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the First, Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States.

40. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures, and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

41. Therefore the municipal defendant has not only tolerated, but actively

fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of the plaintiff's constitutional rights.

42. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

*Remainder of Page Intentionally Blank*

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first and second causes of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the third cause of action, actual damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
         October 13, 2015

                           LUMER & NEVILLE
                           Attorneys for Plaintiff

By: _____
Michael Lumer (ML-1947)
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060