UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DWAYNE JONES,                                          :
                                                       :
                   Plaintiff,             :
                                                       :     ORDER
    -against-                                         :     15-CV-5892 (KAM) (SMG)
                                                       :
CITY OF NEW YORK, OMAYEMI GATLING,                     :
and JOHN DOE,                                          :
                                                       :
                   Defendants.            :
------------------------------------------------------------------- x
STEVEN M. GOLD, U.S. Magistrate Judge:

      Currently pending before the Court is defendants' motion for an extension of time to complete discovery so that non-party retired Police Officer Mark Smith may be deposed. Docket Entry 27. For the reasons stated below, defendants' motion is denied.

## DISCUSSION

      Plaintiff brought this action on October 13, 2015, pursuant to 42 U.S.C. § 1983, asserting claims against the individual defendants for false arrest, false imprisonment, and denial of a fair trial, as well as a *Monell* claim against defendant City of New York. *See* Compl., Docket Entry 1. Plaintiff alleges that he was attempting to move a van belonging to an acquaintance when he was arrested by defendant Police Officer Omayemi Gatling and charged with selling marijuana. *Id.* ¶¶ 7-10. Plaintiff denies that he was selling marijuana and maintains that he was moving the van for a friend and was not responsible for its contents. *Id.* ¶¶ 8, 12-13.

      On January 26, 2016, counsel appeared for an initial conference. At that time, I directed the parties to complete discovery by June 1, 2016. Docket Entry 10. During a subsequent conference held on April 21, 2016, I extended the deadline for completing discovery to July 15, 2016. Docket Entry 15. Upon joint application of the parties, Docket Entry 16, the time for

completing discovery was then extended to September 13, 2016. *See* Order dated July 1, 2016. A subsequent motion to extend discovery followed, Docket Entry 17, and the date for completing fact discovery was again extended, this time to October 14, 2016. *See* Order dated September 14, 2016.

Another conference was held before me on December 1, 2016. During that conference, discovery was extended, upon defendants' request, to January 6, 2017, to allow for the deposition of a non-party, retired Police Officer Mark Smith ("Smith"). Docket Entry 19. Defendants had agreed to produce Smith for a deposition rather than provide plaintiff with his contact information. *See* Plaintiff's Letter to the Court, dated January 6, 2017, Docket Entry 22. Defendants, however, were unable to produce Smith by January 6th since he was in Guyana, and as a result, requested that discovery remain open for the limited purpose of Smith's deposition. *See* Defendants' Letter to the Court dated January 6, 2017, Docket Entry 21. Plaintiff opposed the request, noting the numerous extensions of the date for completing discovery that had already been granted. Plaintiff further argued that defendants had not been in direct communication with Smith about the case and could not represent that he would willingly appear to be deposed by any specific date. *See* Plaintiff's Letter to the Court, dated January 6, 2017, Docket Entry 22.

I held a telephone conference to address the parties' dispute on January 11, 2017. At that time, I instructed defendants to "provide dates during February when they will produce Smith for [a] deposition by February 3." Docket Entry 23. "If they fail to do so," defendants were warned, "Smith will be precluded as a witness for defendants in support of or opposition to any summary judgment motion or at trial." *Id.*

Smith returned from Guyana on January 29, 2017, and his deposition was scheduled for February 16, 2017. *See* Defendants' Letter to the Court, dated February 14, 2017, Docket Entry

2

27. According to defendants, however, Smith travelled back to Guyana on February 12, 2017, "because of an emergency" and is not scheduled to return until March 12, 2017. *Id.* Defendants accordingly request yet another extension of time, until March 20, 2017, to produce Smith for his deposition. *Id.*

Plaintiff opposes this request, asserting that despite Smith's identity being known to defendants since the time they filed their answer, defendants have been unable to locate and produce him for a deposition. *See* Plaintiff's Letter to the Court, dated February 15, 2017, Docket Entry 28. Plaintiff argues that he has a right to proceed with his case and that his anticipated summary judgment motion should not be delayed any further to permit the deposition of an elusive non-party witness. *Id.* I agree.

As noted above, defendants' latest motion to extend the time for completing discovery arises because Smith returned to Guyana "because of an emergency." Although the parties have been attempting to schedule Smith's deposition for several months, and although an "emergency" caused him to leave the country only four days before his deposition was scheduled to take place, defendants have not provided any information about the nature of the emergency prompting Smith's unexpected return to Guyana. Nor have defendants explained why Smith could not have deferred his departure for a mere five days so that his deposition could have proceeded as scheduled. Defendants have also failed to demonstrate that, upon learning Smith would soon be leaving the country, they attempted to schedule his deposition immediately so that it could be concluded before his departure. Defendants have also failed to explain why, if Smith's sudden departure was in fact due to a true unanticipated and urgent emergency, the Court should be confident that the emergency circumstances will resolve quickly enough to permit his return by March 12 and that he will remain here until his deposition is held.

3

For all these reasons, and in light of the repeated delays in completing discovery, the conclusory assertion that Smith was compelled to leave the country on the eve of his deposition by an unspecified emergency is insufficient to warrant yet another extension of the discovery deadline. Under these circumstances, I have little confidence that Smith will in fact quickly return to the United States or that, if he does, he will remain and make himself available to be deposed. Accordingly, there is little reason to prevent plaintiff from bringing his anticipated motion for summary judgment motion.

## CONCLUSION

For the reasons stated above, defendants' request for a further extension of time to complete discovery is denied. Plaintiff may submit his pre-motion conference application in anticipation of moving for summary judgment, as provided in the individual practices of United States District Judge Kiyo A. Matsumoto, by March 8, 2017. *See* Docket Entry 23.

SO ORDERED.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
February 21, 2017

U:\#ZAK 2016-2017\Jones v. City of New York (15cv5892) (KAM)\Order 2.21.17 - FINAL.docx